# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

RODAY PRODUCTIONS, LLC CIVIL ACTION

VERSUS 17-691-SDD-EWD

KRANNEL PICTURES, LLC, ET AL.

## RULING

This matter is before the Court on Plaintiff's *Voluntary Partial Motion to Dismiss Without Prejudice*.[1] Plaintiff, Roday Productions, LLC ("Plaintiff") moves to dismiss its copyright infringement claim, the only claim that provided this Court with federal question jurisdiction. Diversity jurisdiction is not present. The Court will grant Plaintiff's motion and dismiss the copyright infringement claim without prejudice. However, the Court must consider whether to exercise supplemental jurisdiction over the state law claims asserted in this matter.

Although this case was not removed to federal court, jurisprudence in removal cases on this issue is equally applicable to this determination. The Supreme Court has held that, although amending a complaint to drop all federal claims in removal cases does not divest the court of subject matter jurisdiction, the court may nevertheless decline under 28 U.S.C. § 1367(c)(3) to exercise supplemental jurisdiction over the remaining

---

[1] Rec. Doc. No. 22.
Document Number: 57035

state law claims.[2] Section 1367(c)(3) states that the district court may decline to exercise supplemental jurisdiction over a claim under § 1367(a) if it "has dismissed all claims over which it has original jurisdiction."

Generally, a federal court should decline to exercise jurisdiction over supplemental state law claims when all federal claims are disposed of prior to trial.[3] A federal court should consider and weigh in each case and at every stage of the litigation the principles of judicial economy, convenience, fairness and comity in order to decide whether to exercise supplemental jurisdiction.[4] Furthermore, in deciding whether to decline to exercise jurisdiction over the state law claims, the Court considers several factors, including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims.[5] When the balance of factors indicates that a case properly belongs in state court, **such as when the federal law claims have dropped out of the suit in its early stages and only state law claims remain**, the federal court should decline the exercise of jurisdiction.[6]

The Court has considered the factors presented above and finds that the state law claims asserted in this matter properly belong in state court. Although this case is not in

---

[2] *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40 (2009)(citing *Osborn v. Haley*, 549 U.S. 225, 245 (2007).
[3] *Carnegie–Mellon*, 484 U.S. 343, 350 (1988).
[4] *Id.*
[5] *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173 (1997).
[6] *Carnegie–Mellon*, 484 U.S. at 350 (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)(emphasis added).

the early stages, no substantive motions have ever been filed, and there is no reason for the Court to exercise supplemental jurisdiction over the state law claims asserted.

Therefore, Plaintiff's *Voluntary Partial Motion to Dismiss Without Prejudice*[7] is GRANTED. The Court declines to exercise supplemental jurisdiction over the remaining state law claims. All claims asserted in this matter are hereby dismissed without prejudice.

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 20 day of September, 2019.

								_____
								**SHELLY D. DICK**
								**CHIEF DISTRICT JUDGE**
								**MIDDLE DISTRICT OF LOUISIANA**

---

[7] Rec. Doc. No. 22.
Document Number: 57035